[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 14, 2012
JOHN LEY
CLERK

No. 11-11663
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20707-CMA-1


UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

ALFREDO VAZQUEZ,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 14, 2012)


Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Alfredo Vazquez appeals his 60-month sentence for conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349. On appeal, he argues that the district court clearly erred in applying a 22-point sentence enhancement for an offense involving an intended loss between $20 million and $50 million because the court's loss findings were not supported by evidence in the record.

We review a district court's findings of fact under a clear error standard.[1] *United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir. 2005). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004)(quotation omitted).

When calculating a defendant's sentencing guideline range, the district court "must resolve all factual and legal disputes raised in the addendum to the

---

[1] Here, the clear error standard will apply. Vazquez challenged both the $23 million loss calculation and the sufficiency of the government's evidence. At the close of the sentencing hearing, Vazquez preserved his previous objections. The government's claim that Vazquez did not challenge the PSI's specific factual allegations regarding the loss amount goes too far. The government's point is correct insofar as Vazquez objected to the ultimate findings about the loss amount, but never objected to the evidentiary facts set forth in the PSI. The government was not obliged to prove those facts from scratch, especially insofar as they were consistent with the facts admitted at the change of plea hearing.

presentence report-as well as any other objections raised by the parties during the course of the hearing." *United States v. Castellanos*, 904 F.2d 1490, 1495 (11th Cir. 1990). The government must establish the attributable loss by a preponderance of the evidence. *United States v. Dabbs*, 134 F.3d 1071, 1081 (11th Cir. 1998). On the other hand, a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

We will infer that the district court, when it expressly adopts the PSI, has implicitly resolved any factual disputes regarding loss calculations in favor of the government. *United States v. Bradley*, 644 F.3d 1213, 1293 (11th Cir. 2011). The defendant in *Bradley* appealed the loss findings of the district court because the court failed to "identify the evidence upon which it relied." We affirmed, explaining that the sentencing court reviewed "the arguments of all the defendants as to the amount of loss, but choose instead to adopt the probation officer's PSI." We ruled that "[i]n adopting the PSI, the court made it clear that it was resolving all questions of fact in favor of the Government. From this, we can easily determine on which evidence the court relied, and we require nothing more." *Id.*

Section 2B1.1 of the Guidelines, under which Vasquez was sentenced, states that the base offense level is increased by 22 points if the attributable loss

3

was between $20 million and $50 million. U.S.S.G. § 2B1.1(b)(1). The commentary to this section explains that the attributable loss "is the greater of actual loss or intended loss." *Id.* at comment. n.3(A). The intended loss includes any "pecuniary harm that was intended to result from the offense," including harm that was "impossible or unlikely to occur." *Id.* at comment. n.3(A)(ii). The court need only make "a reasonable estimate of the loss." *Id*. at comment. n.3(C).

We have ruled that the face value of fraudulent checks may be the appropriate measure of the defendant's intended loss. In *United States v. Grant*, 431 F.3d 760, 765 (11th Cir. 2005), a check counterfeiting case, we held,

> when an individual possesses a stolen check, or a photocopy of a stolen check, for the purpose of counterfeiting, the district court does not clearly err when it uses the full face value of that stolen check in making a reasonable calculation of the intended loss. Although a district court cannot equate the full face value of stolen checks with intended loss as a matter of law in every case, it can still find a defendant intended to utilize the full face value of stolen checks.

*Id.* We cited with approval the Third Circuit's holding that there is no clear error when, in the absence of sufficient evidence to the contrary, the district court determines that the defendant intended to utilize the full face value of the worthless checks. *Id.* at 763. In *United States v. Chukwara*, 5 F.3d 1420, 1425 (11th Cir. 1993), a check-kiting case, we upheld a loss finding based on the

4

aggregate face value of the bogus checks deposited, rather than the amount actually withdrawn, because the defendant had misrepresented the bogus checks as genuine. Analogously, in *United States v. Nosrati-Shamloo*, 255 F.3d 1290, 1292 (11th Cir. 2001), we affirmed a loss finding based on the aggregate credit limit of fraudulently obtained credit cards. We stated that although "the actual charges made against the cards were less" and "the evidence was circumstantial and unclear about whether defendant knew the actual credit limits on the cards," when no evidence shows that defendant's intent was to use less than the full line of credit, the district judge could determine for sentencing purposes that the defendant "intended to utilize all of the credit available on the cards." *Id.* at 1291-92.

The district court did not clearly err in determining that the face value of the non-sufficient fund checks was an appropriate measure of attributable loss. Vazquez conceded that he and his coconspirators deposited checks in excess of $20 million. Vazquez provided blank checks to Horta, allowing him to fill-in any amount he wished, regardless of the account balance or Vazquez's ability to repay. Because Vazquez was responsible for the financial paperwork, he was aware of what was intended with respect to the loss amount. In response, Vazquez simply argued without an evidentiary showing that he deposited many legitimate checks

into the CBOF accounts, that he was not involved in writing the bad checks, and he had no direct knowledge of the accounts controlled by Horta.

The district court did not specify which evidence it relied upon in making its $23,499,921 loss determination. However, the court expressly adopted the loss findings contained in the PSI, thereby implicitly accepting the PSI as a whole and rejecting Vazquez's unsubstantiated responsive arguments.

We affirm Vazquez's sentence.

**AFFIRMED.**